# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:04–cr-194-RJC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VAN ANTHONY ROSE | ) | |
| | ) | |

**THIS MATTER** is before the Court on motions of the defendant to modify his sentence. (Doc. Nos. 71, 77). For the reasons that follow, the motions will be dismissed as unauthorized, successive motions to vacate under 28 U.S.C. § 2255.

## I.　BACKGROUND

On January 30, 2006, this Court sentenced the defendant to 360 months' imprisonment possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. No. 35: Judgment). On January 30, 2007, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Rose, 215 F. App'x 247 (4th Cir. 2007). On May 9, 2008, the defendant filed a § 2255 motion to vacate, which this Court denied on September 27, 2010. (Case No. 3:08cv216, Doc. No. 1: Motion; Doc. No. 21 Order). On January 20, 2011, the Fourth Circuit dismissed the appeal of that decision. United States v. Rose, 408 F. App'x 729 (4th Cir. 2011). On May 25, 2011 and December 16, 2011, the Fourth Circuit denied the defendant's motions to file a second or successive § 2255 motion. (Case No. 3:04-cr-194, Doc. Nos. 69, 70: Orders). On February 25, 2013, the defendant filed another §

2255 motion to vacate. (Case No. 3:13-cv-145, Doc. No. 1). The Court dismissed that motion as successive on March 22, 2013. (Id., Doc. No. 5).

In the instant motions, filed in the criminal case on February 28 and April 9, 2013, the defendant challenges the sentence on the bases that: (1) he is not an Armed Career Criminal; (2) he was wrongfully convicted of possessing ammunition; and (2) his counsel was ineffective for allowing him to be sentenced under 18 U.S.C. § 924(e). Thus, the motions are simply successive § 2255 motions attacking the criminal Judgment by which he is incarcerated. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). Therefore, this Court is without jurisdiction to entertain the merits without authorization from the Fourth Circuit.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions to Modify Sentence (Doc. Nos. 71, 77), are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge