DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-566-RJC
(3:04-cr-194-RJC)

| | |
|---|---|
| VAN ANTHONY ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's motion, pursuant to 28 U.S.C. § 2255(f)(4), attacking his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For the reasons that follow, the Court finds that this is an unauthorized, successive petition; therefore; it will be dismissed.

**I.    BACKGROUND**

On January 30, 2006, this Court sentenced Petitioner to 360 months' imprisonment possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Case No. 3:04-cr-194, Doc. No. 35: Judgment). On January 30, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Rose, 215 F. App'x 247 (4th Cir. 2007). On May 9, 2008, Petitioner filed a § 2255 motion to vacate, which this Court denied on September 27, 2010. (Case No. 3:08-cv-216, Doc. No. 1: Motion; Doc. No. 21: Order). On January 20, 2011, the Fourth Circuit dismissed Petitioner's appeal of the denial of the motion to vacate. United States v. Rose, 408 F. App'x

1

729 (4th Cir. 2011). On May 25, 2011 and December 16, 2011, the Fourth Circuit denied Petitioner's motions to file a second or successive § 2255 motion. (Case No. 3:04-cr-194, Doc. Nos. 69, 70: Orders).

On February 25, 2013, Petitioner filed another § 2255 motion to vacate, which the Court dismissed as successive. (Case No. 3:13-cv-145, Doc. No. 1: Motion; Doc. No. 5: Order). Petitioner then submitted the instant motion.[1] (Doc. No. 1).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion raising Simmons claim).

---

[1] The motion was initially filed as a memorandum in the second § 2255 case, (Case No. 3:13cv-145, Doc. No. 9), but was later filed as a new case based on Petitioner's letter stating that he intended it to be filed as a motion, (Doc. No. 1).

2

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge