IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00188-RJC
(3:04-cr-00194-RJC-CH-1)

| | |
|---|---|
| VAN ANTHONY ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Response in support, (Doc. No. 7); and the parties' Joint Motion for Time Served Sentence, (Doc. No. 8). For the reasons discussed herein, the motions will be granted.

I.  BACKGROUND

On July 20, 2005, Petitioner was found guilty by a jury on one count of being a felon-in-possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (3:04-cr-00194, Doc. No. 28: Verdict). In Petitioner's presentence report ("PSR"), the probation officer concluded that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) ("ACCA"), and USSG § 4B.1.4, based on three or more convictions for violent felonies and serious drug offenses. (Id., Doc. No. 64: PSR ¶ 25).[1] On January 30, 2006, Petitioner was sentenced as an armed career criminal to a term of 360 months' imprisonment, and his criminal judgment was

---

[1] The PSR identified the following predicate convictions: two convictions for burglary, one conviction for second-degree robbery, and two convictions for possession with intent to sell and deliver cocaine. The first three convictions were sustained in New York state court and the latter two drug convictions were sustained in North Carolina state court. (Id. ¶¶ 30, 32, 35-36).

1

affirmed on appeal. (Id., Doc. No. 35: Judgment); United States v. Rose, 215 F. App'x 247 (4th Cir. 2007) (unpublished).

In 2008, Petitioner filed a pro se § 2255 Motion to Vacate which was denied and dismissed on the merits and the Fourth Circuit dismissed his appeal in unpublished, per curiam opinion. Rose v. United States, No. 3:08-cv-00216-RJC (W.D.N.C. Sept. 27, 2010), dismissed, 408 F. App'x 729 (4th Cir. 2011). Two subsequent collateral challenges to his criminal judgment were dismissed as unauthorized, successive petitions pursuant to 28 U.S.C. § 2255(h). (3:13-cv-00145-RJC; 3:13-cv-00566-RJC).

In the wake of Johnson v. United States, 135 S. Ct. 2551, 2556 (2015), the Fourth Circuit granted Petitioner's application to file this successive § 2255 Motion to Vacate; therefore, the Court can reach the merits of Petitioner's claim for relief. In re: Van Anthony Rose, No. 16-317 (4th Cir. Apr. 22, 2016).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  DISCUSSION

In the instant Motion to Vacate, Petitioner challenges his designation as an armed career criminal contending that in light of legal authority decided after his sentence was imposed, he no longer has the predicate convictions to support his sentence under the ACCA. (Doc. No. 1:

Motion at 1). The Government agrees that Petitioner is entitled to sentencing relief on this basis. (Doc. No. 7: Response at 1).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii). In Johnson, the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

The Government concedes that Petitioner no longer has the predicate felonies to support his sentence under the ACCA. Specifically, the Government notes that Petitioner's prior convictions for second-degree burglary and second-degree robbery, both of which were sustained in New York, no longer satisfy the definition of a violent felony under the ACCA following the Supreme Court's decision in Johnson and based on subsequent Second Circuit cases interpreting New York state law in light of Johnson. (Doc. No. 7: Response at 4-5).

Based on the foregoing authority, the Court finds that Petitioner no longer qualifies as an armed career criminal and will vacate his sentence. As the parties note, Petitioner has already served more than the statutory maximum of 120 months for the § 922(g). See 18 U.S.C. § 924(a)(2). After considering the parties joint motion for the imposition of a time served sentence without a sentencing hearing, (Doc. No. 8), the Court finds that an amended judgment should be entered which sentences Petitioner to the time served plus ten days.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), and the parties' Joint Motion for Time Served Sentence, (Doc. No. 8), are **GRANTED** and his sentence will be **VACATED** for the reasons stated herein and an amended judgment shall be issued.

2. The Clerk of Court is directed to certify copies of this Order to the Federal Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: August 17, 2016

Robert J. Conrad, Jr.
United States District Judge